UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN PATRICK MCGUIRE,

    Plaintiff,

    v.

WILLIAM H. FRYE, et al.,

    Defendants.

Case No. 15-cv-05224-JCS

**REPORT AND RECOMMENDATIONS REGARDING SUFFICIENCY OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915**

## I. INTRODUCTION

Plaintiff John Patrick McGuire, pro se, brings this action against Defendants William H. Frye dba William H. Frye Trust and Daniel and Althera Swanson ("the Swanson Defendants"). The undersigned previously granted McGuire's application to proceed in forma pauperis and now reviews the sufficiency of his Complaint pursuant to 28 U.S.C. § 1915(e)(2). McGuire seeks damages and rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*. and California state law in connection with a consumer credit transaction. The undersigned finds that the Complaint fails to state a claim on which relief can be granted and therefore recommends that the Complaint be DISMISSED. Because McGuire has declined to consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c), this case will be reassigned to a United States district judge for all further proceedings, including action on the recommendations of this Report. If McGuire wishes to file an objection to these recommendations, he may do so within fourteen days of being served with a copy of this Report. The case management conference set for **February 12, 2016** is VACATED.

## II. THE COMPLAINT

Plaintiff alleges that his "Complaint concerns a single family residential property located at

2550 Del Rosa, Santa Rosa California 95405 (hereinafter the "Property") [w]hich has been McGuire's primary residence since 1970." Compl. ¶ 36.  According to McGuire, he purchased the Property before 1970.  *Id*. ¶ 37.  Plaintiff alleges that on May 17, 1994 he executed a promissory note (the "Promissory Note") for $23,000 in favor of William Frye.  *Id*.  38.  Although not expressly alleged, the Court construes the Complaint liberally to allege that the Promissory Note was secured by a deed of trust against the Property.[1]  McGuire alleges that he used the loan to pay "off multiple consumer debts" and that the "security interest was not created to finance the acquisition or initial construction of Plaintiff's Property."  *Id*. ¶ 43.  The Promissory Note "indicates that payments are to be initially made to William H. Frye."  *Id*. ¶ 44.

Plaintiff alleges, on information and belief, that the Swanson Defendants are assignees of the Promissory Note but does not allege the specific facts upon which this belief is based.  *Id*. ¶¶ 47-48, 58-59.  Plaintiff also fails to allege any specific facts as to the William H Frye Trust.

McGuire alleges that on closing of the loan, he was not provided with a "document bearing the name 'Truth in Lending Disclosure Statement'" and that he was "not provided with *two* documents bearing the name 'Notice of Right to Cancel.'"  *Id*. ¶¶ 40-41.  According to Plaintiff, after closing on the loan, he "received no notice to direct payments to [Fry] and subsequently received no notice to direct payments to [the Swanson Defendants]."  *Id*. ¶ 49.

According to Plaintiff, on June 2, 2010, he "exercised his right to rescind the mortgage transaction in writing by certified mail, return receipt requested, to all known parties in interest." *Id* ¶ 51.  Plaintiff alleges that Defendants received the notice but "took no steps to cancel the security interest," and that on June 2, 2010, Frye "via return mail refused to accept Plaintiff's valid rescission."  *Id*. ¶ 53.  McGuire alleges that "[n]o Defendant has responded to the rescission notice mailed on February 2, 2010" and that "[t]he statute of limitations has not expired as Plaintiff has been under a legal disability and a physical disability 'Blindness.'"  *Id*. ¶ 54.

Plaintiff asserts claims for damages and rescission under TILA as to all Defendants.  He also asserts a claim under "Cal. Stat. § 2924" based on Defendants' alleged violation of TILA's

---

[1] Plaintiff did not attach copies of any loan documents, including the Promissory Note, to the Complaint.

2

right to rescind. According to Plaintiff, "Cal. Stat. 2924, subd. 1(8) provides it is unlawful for . . . a residential originator or servicer to: [v]iolate any provision of any applicable state or federal law regulating mortgage loans including, without limitation, sections 47.20 and 47.208." *Id*. ¶ 80. Finally, Plaintiff asserts a claim entitled "Plaintiff's Cause of Action under" which refers to "section 8.31." The Court is unable to discern any cognizable claim as to this cause of action.

Plaintiff asks the Court to award statutory damages of not less than $75,000 under TILA for Defendants' failure to rescind and "for each subsequent event that is contrary to TILA." He also requests actual damages, including "all lender fees included in the principal of the residential mortgage loan." Compl. at 12 (Prayer for Relief). In addition, Plaintiff asks the Court to declare that the Property is owned by Plaintiff free and clear of Defendants' interest or any liens attached as a result of Defendants interest. Plaintiff "offers to tender the Property and/or appropriate amount due after Defendants return all moneys paid and cancel the security interest pursuant to 15 U.S.C. § 1635 and Reg. Z. § 226.23." Compl. ¶ 55.

### III. ANALYSIS

#### A. Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed. Further, a complaint is "frivolous" under § 1915 where there is no subject matter jurisdiction. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).

In determining whether a plaintiff fails to state a claim, the court generally assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S.

3

662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nor must a Court accept "allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570).

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

### B.  TILA Claims

#### 1.  Overview of TILA Disclosure Requirements

"Congress through TILA sought to protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986) (citing 15 U.S.C. § 1601(a) and *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 363–64 nn. 18, 19 (1973) (citing H.R.Rep. No. 1040, 90th Cong., 1st Sess., 13 (1967); S.Rep. No. 392, 90th Cong., 1st Sess. 1–2 (1967) U.S.Cong. & Admin.News 1968, p. 1962)). Thus, TILA requires that lenders clearly and conspicuously disclose to borrowers that they have a right to rescind the transaction until midnight of the third business day following consummation of the transaction. 15 U.S.C. § 1635(a). The specific requirements for disclosing the right to rescind are set forth in 12 C.F.R. § 226.23(b) ("Regulation Z"). Regulation Z requires, *inter alia*, that "a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." 12 C.F.R. § 226(b)(1). Further, "[i]f the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." Under TILA, a borrower may also be entitled to an award of actual or statutory damages for failure to make required disclosures. *See* 15

1  U.S.C. §§ 1640(a)(1) & (a)(2)(A).

2  The limitations period for asserting a claim for damages based on failure to make required
3  disclosures under TILA is "one year from the date on which the first regular payment of principal
4  is due under the loan," although the one-year limitations period "does not bar a person from
5  asserting [such] a violation . . . in an action to collect the debt which was brought more than one
6  year from the date of the occurrence of the violation as a matter of defense by recoupment . . . ."
7  15 U.S.C. § 1640(e).  The Ninth Circuit has held that "the doctrine of equitable tolling may, in the
8  appropriate circumstances, suspend the limitations period" on a claim for damages under TILA.
9  *King*, 784 F.2d at 915.  On the other hand, the three-year period for rescission set forth in 15
10 U.S.C. § 1640(f) is not a limitations period; rather, that section "completely extinguishes the right
11 of rescission at the end of the 3-year period." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412-13,
12 419 (1998).  Consequently, there is "no federal right to rescind, defensively or otherwise, after the
13 3-year period of § 1635(f) has run." *Id*.  For that reason, the doctrine of equitable tolling does not
14 apply to claims for rescission under TILA. *See id*.

### 2. Plaintiff Fails to Allege Specific Facts as To the William H Frye Trust and the Swanson Defendants

Plaintiff has not alleged any specific facts relating to the Swanson Defendants or the William H Fry Trust and therefore the Complaint does not state any viable claims under TILA as to these defendants.  The Court notes that Plaintiff does *not* allege that any of these defendants were named on the loan documents; nor does Plaintiff offer any specific facts showing that they were involved in the origination of Plaintiff's loan or the failure to make the required disclosures under TILA.

### 3. Plaintiff's Claim for Rescission is Untimely and is Not Subject to Equitable Tolling

Plaintiff seeks rescission on a loan that was made over twenty years ago based on Defendants' failure to make required disclosures.  As discussed above, the right to rescind a loan under TILA is extinguished after three years and is not subject to equitable tolling.  Therefore, Plaintiff's claim for rescission fails as to all Defendants on the basis that it is untimely and cannot be cured by amendment.

### 4. Plaintiff Fails to Allege Sufficient Facts to Show Damages Claim is Subject to Equitable Tolling

Plaintiff asserts that the limitations period for filing his TILA claims was equitably tolled on the basis of a disability, namely, blindness. While a claim for damages may be subject to equitable tolling under appropriate circumstances, Plaintiff has not alleged sufficient facts to show that the doctrine applies here. "Equitable tolling applies when . . . extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), as amended (Mar. 22, 1999). Whether the doctrine of equitable tolling applies depends on the specific facts of the case. See *S.E.C. v. Mercury Interactive LLC*, No. C 07-02822 WHA, 2013 WL 567215, at *6 (N.D. Cal. Feb. 13, 2013). Nonetheless, the Court finds no authority for the proposition that a bare allegation that the Plaintiff is or was blind is sufficient to plead equitable tolling. *See Santiago v. Miller*, 180 F. Supp. 2d 471, 474 (S.D.N.Y. 2001) (finding allegation of blindness was not sufficient to toll statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") because the plaintiff's "condition did not rise to such a level as to truly prevent him from pursuing his legal rights" and noting that the petitioner had been able to draft and file several post-conviction motions and petitions despite his blindness); *Marshall v. Holt*, No. 1:13-CV-3470-TWT, 2014 WL 2711942, at *5 (N.D. Ga. June 13, 2014) (rejecting blindness as a basis for equitable tolling in AEDPA action and citing cases in which other courts have rejected blindness as a basis for equitable tolling). Plaintiff has alleged no facts showing that his blindness made it impossible for him to file his TILA claim within one year of the loan origination in 1994 or that he was even blind at that time. Therefore, he has not alleged sufficient facts to show that his damages claim under TILA is timely.

### 5. Plaintiff Fails to Adequately Allege Actual Damages Under TILA

The Ninth Circuit has held that in order to obtain an award of actual damages for a TILA violation, "a borrower must establish detrimental reliance," for example, by showing that the plaintiff "would either have secured a better interest rate elsewhere, or foregone the loan completely." *In re Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002). McGuire has not alleged any facts showing detrimental reliance and therefore fails to state a claim for actual damages under TILA against any Defendant.

**C. State Law Claim**

Plaintiff asserts a claim under "Cal. Stat. 2924" on the basis that Defendants "violated the Federal Truth in Lending Act by failing to effect rescission." Comp. ¶ 81. As a preliminary matter, the Court has found no California statute that contains the language quoted by Plaintiff in his Complaint. Rather, it appears that the language quoted by Plaintiff may come from a Minnesota statute. *See* Minn. Stat. Ann. § 58.13(1)(b) (providing that "[n]o person acting as a residential mortgage originator . . . shall violate any provision of any other applicable state or federal law regulating residential mortgage loans including, without limitation, sections 47.20 to 47.208 and 47.58"). Even assuming Plaintiff has accurately stated California law, this claim fails because it is based on his TILA rescission claim. As discussed above, the TILA rescission claim is untimely and cannot be cured by amendment.

**IV. CONCLUSION**

For the reasons stated above, the undersigned recommends that all of Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915. The TILA rescission claims and the state law claim that is based on the TILA rescission claim should be dismissed with prejudice because these claims are untimely and cannot be cured. Plaintiff should be permitted to amend his TILA damages claims to allege, if he can, specific facts: 1) establishing liability as to the William H Fry Trust and the Swanson Defendants; 2) showing that extraordinary circumstances beyond the plaintiff's control made it impossible for him to file a claim on time; and 3) demonstrating that Plaintiff's detrimental reliance resulted in actual damages. He should also be permitted to amend to clarify the legal basis for his fourth cause of action.

Because McGuire declined to consent to magistrate judge jurisdiction, this case will be reassigned to a United States district judge for a decision on these recommendations. If McGuire

1  objects to the recommendations above, he may file objections **no later than fourteen days after**
2  **he is served with a copy of this Report**.  *See* 28 U.S.C. § 636(b).
3       **IT IS SO ORDERED.**
4  Dated:  December 22, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge

8