IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK MCGUIRE,<br><br>    Plaintiff,<br><br>  v.<br><br>WILLIAM FRYE, et al.,<br><br>    Defendants. | No. C 15-05224 WHA<br><br>**ORDER DISMISSING ACTION** |

## INTRODUCTION

In this TILA action, defendants move to dismiss plaintiff's amended complaint. For the reasons discussed herein, the motion to dismiss is **GRANTED**.

## STATEMENT

Plaintiff John Patrick McGuire, pro se, brought this action against Defendants William H. Frye, the William H. Frye Trust, and Daniel and Althera Swanson. From what can be gleaned from the complaint, plaintiff alleges that, on or about May 17, 1994, plaintiff executed a promissory note for $23,000 in favor of William Frye (Amd. Compl. ¶ 17). Although not expressly alleged, the Court construes the complaint liberally to allege that the promissory note was secured by property owned by plaintiff and located at 2250 Del Rosa, Santa Rosa, California. Plaintiff alleges that defendant Frye "failed/refused to give notice of the right to rescind." Plaintiff further alleges that on June 2, 2010, plaintiff "exercised his right to rescind the mortgage" (Amd. Compl. ¶ 24).

On December 22, 2015, Magistrate Judge Joseph C. Spero reviewed the sufficiency of the complaint under 28 U.S.C. 1915(e)(2) after granting plaintiff's application to proceed in

forma pauperis. Judge Spero recommended dismissal with prejudice of the rescission claim under the Truth in Lending Act, concluding that the untimeliness of the claim could not be cured. Judge Spero also recommended that plaintiff be allowed to seek leave to add specific allegations (if possible) to establish: (1) equitable tolling and detrimental reliance as to the TILA damages claim; (2) liability as to the William H. Frye Trust and the Swansons; and (3) the legal basis for his fourth cause of action (Dkt. No. 7). A prior order by the undersigned Judge adopted Judge Spero's report and recommendation in full and directed plaintiff to seek leave to file an amended complaint by February 29, 2016 (Dkt. No. 10). The order directed plaintiff to "clearly explain how the proposed amendments address" the defects identified by the order.

On March 17, 2016, plaintiff filed a second amended complaint but failed to file an accompanying motion explaining how the complaint cured the deficiencies identified by the order. On June 17, 2016, defendant William Frye moved to dismiss the amended complaint. Defendant Frye also asked the Court to take judicial notice of an action brought by plaintiff in state court concerning the promissory note that is the subject of the instant lawsuit. In a separate motion, the William H. Frye Trust asks the Court to quash service of the summons and complaint on it.

On August 5, 2016, plaintiff filed a proposed second amended complaint. On August 24, 2016, on the eve of hearing, plaintiff filed a motion to strike defendant's motion to dismiss and a motion for leave to file the second amended complaint.

Plaintiff requested permission to appear telephonically at the hearing on the basis of an alleged health condition that prevented him from traveling to the Court. The Court granted the request despite the fact that it almost never grants such requests due to limited technology in the courtroom. At the hearing on August 25, 2016, the Court telephoned plaintiff. Plaintiff did not answer. The Court then proceeded with the hearing and informed defense counsel it was inclined to grant the motion to dismiss. Defense counsel declined to provide further argument.

2

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### 1. MOTION TO QUASH.

Defendant William H. Frye Trust asks the Court to quash service of the summons and complaint. A trust (as opposed to a trustee) "has no capacity to sue or be sued, or to defend an action." *Stoltenberg v. Newman*, 179 Cal. App. 4th 287, 293 (2009). Therefore, the request to quash service of the summons and complaint is **GRANTED**.

### 2. REQUEST FOR JUDICIAL NOTICE.

Defendant Frye asks the court to take judicial notice of an action in state court concerning the same promissory note that is the subject of the instant lawsuit. On March 26, 2013, plaintiff filed a complaint against defendant Frye, among others, in Sonoma County Superior Court (Action No. SCV 253420) regarding a loan for $23,000 obtained on May 17, 1994. On March 18, 2014, the complaint was dismissed with prejudice.

Judicial notice of the state action is proper under FRE 201. The request for judicial notice is therefore **GRANTED**.

### 3. TILA CLAIM FOR DAMAGES.

The limitations period for asserting a claim for damages based on failure to make required disclosures under TILA is generally "one year from the date on which the first regular payment of principal is due under the loan." 15 U.S.C. 1640(e). Our court of appeals has held that "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period" on a claim for damages under TILA. *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).

The prior order directed plaintiff to add sufficient facts to demonstrate plaintiff is entitled to equitable tolling. In the original complaint, plaintiff alleged that "[t]he statute of limitations has not expired as Plaintiff has been under a legal disability and a physical disability 'Blindness'" (Compl. ¶ 54). The amended complaint and the proposed second amended complaint omit the allegation regarding blindness and instead allege that plaintiff's "legal disability" prevented plaintiff from accessing his records, a law library, and a computer to prepare the complaint.

Plaintiff's allegations in the amended complaint and the proposed second amended complaint are insufficient for pleading equitable tolling for two reasons. *First*, both complaints lack specific allegations as to plaintiff's disability at the time that the statute of limitations ran and how it delayed the filing of the complaint. Plaintiff's allegations do not demonstrate that he is entitled to equitable tolling. *Second*, plaintiff's allegations are undermined by the fact that he filed a complaint regarding the same promissory note in state court in 2013. Plaintiff's filing of a complaint in state court in 2013 demonstrates that he was in a position to pursue his TILA claim at that time as well. This order concludes that plaintiff's claim for damages under TILA is not eligible for equitable tolling and that it is therefore time-barred.

Defendant William Frye also argues that the TILA claim is barred by res judicata as it affects the same primary right asserted in the state action. Because this order concludes that the TILA claim for damages are time-barred, this order need not reach the issue of whether the TILA claim is barred by res judicata.

**4.   STATE CLAIM.**

Plaintiff's complaint asserts a claim under "Cal. Stat. § 2924." This order concludes that this claim is barred by res judicata. In the state court action, plaintiff asserted a claim under California Civil Code Section 2924. The state court subsequently dismissed this claim and all of the other claims with prejudice (Dkt. 28).

The Full Faith and Credit Act requires federal courts to give state court judgments the same "full faith and credit" they would receive in courts of that state. 28 U.S.C. 1738; *see Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996). "Generally, this means that

federal courts must apply the pertinent state's collateral estoppel principles." *In re Marciano*, 708 F.3d 1123, 1133 (9th Cir. 2013) (quotations omitted). Under California law, plaintiff's claim under Section 2924 is barred by res judicata. *See* Cal. Civ. Proc. Code 1908. Defendant Frye's motion to dismiss plaintiff's claim under Section 2924 is therefore **GRANTED**.

### 5. LIABILITY OF THE SWANSONS.

The amended complaint and the proposed second amended complaint remove all mention of Daniel and Althera Swansons. All claims against them are therefore **DISMISSED**.

### CONCLUSION

For the reasons stated herein, defendant Frye's motion to dismiss is **GRANTED**. The motion to quash filed by defendant trust is **GRANTED**. Plaintiff's motion to strike and motion for leave to amend are **DENIED**. This action is **DISMISSED WITH PREJUDICE**.

Plaintiff's next step, if he chooses to pursue this case, will be to appeal to the Court of Appeals.

**IT IS SO ORDERED.**

Dated: August 25, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5